UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY MEDICAL GROUP INC., a California corporation, | No. 1:23-cv-00240-JLT-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| CAREMORE HEALTH PLAN, a California general stock corporation, | |
| Defendant. | |

Before the Court is Central Valley Medical Group Inc.'s ("Plaintiff") motion to remand the present case to state court. Mot. to Remand ("Mot."), ECF No. 10. For the reasons set forth below, the Court GRANTS Plaintiff's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2023, Plaintiff filed a complaint in Stanislaus County Superior Court against Caremore Health Plan ("Defendant"). Complaint ("Compl."), Exh. 1 to Notice of Removal, ECF No. 1. Plaintiff is an "Independent Physician

1

1  Association" that provides primary care and specialty care for
2  various health plans and its member patients.  Compl. ¶ 7.
3  Defendant is a "Health Care Service Plan" that provides members
4  with Medicare Advantage Plan benefits and is contracted with
5  Plaintiff to provide medical services to Defendant's members.
6  Id. ¶ 8.
7       In 2019, Plaintiff and Defendant entered into an agreement
8  ("2019 Agreement") that the parties would negotiate more
9  favorable compensation terms for Plaintiff to begin during the
10 2022 calendar year.  Id.  The 2019 Agreement did not explicitly
11 state what those new terms would be, but that the parties would
12 negotiate the terms prior to the 2022 calendar year.  Id. ¶ 10.
13 Since executing the agreement, Plaintiff has contacted Defendant
14 several times to negotiate the compensation terms, however,
15 Defendant has indicated it is no longer interested in
16 renegotiating.  Id. ¶¶ 14, 15.  Plaintiff filed a complaint in
17 state court alleging ten (10) state law causes of actions.  See
18 generally Compl.
19      Defendant filed a Notice of Removal on February 16, 2023.
20 Notice of Removal ("Notice"), ECF No. 1.  Defendant alleges
21 removal is proper under 28 U.S.C. § 1442(a)(1), the "Federal
22 Officer Removal Statute" or "Statute".  Id. at 3-8.  Plaintiff
23 filed the present motion to remand on March 1, 2023, arguing
24 Defendant was not acting under a federal agency during its
25 wrongful conduct.  Mot. at 4.  Defendant filed an opposition.
26 Opp'n, ECF No. 14.  Plaintiff filed a reply.  Reply, ECF No. 15.
27 ///
28 ///

## II. OPINION

### A. Legal Standard

An entity seeking removal under the Federal Officer Removal Statute must show that:

(a) it is a person within the meaning of the statute;
(b) it was acting pursuant to a federal officer's directions;
(c) there is a causal nexus between plaintiff's claims and the acts performed pursuant to the federal officer's directions; and
(d) it can assert a colorable federal defense.

Goncalves v. Rady Children's Hosp. San Diego, 865 F.3d 1237, 1244 (9th Cir. 2017). Removal under the Statute is broader than general removal statutes because (1) federal officers can remove both civil and criminal cases and (2) a federal officer can remove a case even if the face of plaintiff's complaint does not have original federal jurisdiction, as required by the well-pleaded complaint rule. Jefferson Cty. v. Acker, 527 U.S. 423, 431 (1999); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006). The federal question element is satisfied if the defendant's defense depends on federal law. Id.

Although the Federal Officer Removal Statute is broader than general removal statutes, the notice of removal is still required to contain more than "mere legal conclusions." Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014). The notice must "allege the underlying facts supporting each of the requirements for removal jurisdiction." Id. In ruling on a motion to remand where a defendant invokes the Federal Officer

3

Removal Statute, courts apply the same standard as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. Id. Doing so "will not unduly burden the unique rights § 1442 affords removing defendants." Id.

Under the standard set forth in Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack of the defendant's jurisdictional allegations. Id. (citing Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)). Under a facial attack, the court applies the same standard as a Rule 12(b)(6) motion to dismiss and accepts a defendant's facts in their notice as true and determines whether the facts are sufficient on their face to invoke federal jurisdiction. Id. (citing Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013)). Here, Plaintiff raises a facial attack to Defendant's claims, alleging Defendant has failed to demonstrate three (3) of the four (4) elements required under the Federal Officer Removal Statute. Mot. at 6:4-5; See generally Reply.

B. Discussion

Defendant claims it has satisfied each of the four (4) elements required under the Federal Officer Removal Statute. Notice at 3:24-25; Opp'n at 2:1. Plaintiff, however, asserts (1) Defendant was not acting under a federal agent during the alleged wrongful conduct; (2) there is no causal nexus between Defendant's actions acting under a federal agency and the alleged harms; and (3) Defendant cannot assert a colorable federal defense. Mot. at 6:4-5; See generally Reply. Plaintiff does not dispute that Defendant is a "person" for purposes of the Statute. The Court addresses the remaining three disputed

elements below.

          1.    Acting Under Federal Direction

Defendant states it is paid by Medicare Advantage to provide services for Medicare beneficiaries. Notice ¶ 10. Defendant claims it was acting under the Centers for Medicare & Medicaid Services ("CMS"), which is an agency within the U.S. Department of Health and Human Services, because it was performing the function of administering Medicare benefits by contracting with Plaintiff. Id. ¶ 12.

The Court notes, the basic purpose of the Federal Officer Removal Statute is to protect the Federal Government from interference of its operations resulting from state court proceedings. Watson v. Philip Morris Cos., 551 U.S. 142, 150 (2007). A private person may be "acting under" a federal officer or agency as a contractor if the assistance they provide goes "beyond simple compliance with the law and helps officers fulfill other basic governmental tasks." Id. at 153. By example, if a contractor performs a job that, in the absence of the contract with a private firm, the Government itself would have to perform, that may be considered "acting under" a federal officer or agency. Id. at 154. Similarly, if a federal officer or agency delegates legal authority to the contractor, and the contractor is subject to extensive supervision and is closely monitored, that may be considered "acting under" a federal officer or agency. Id.; Goncalves v. Rady Children's Hosp. San Diego, 865 F.3d 1237, 1247 (9th Cir. 2017).

Here, Defendant has not provided adequate facts to show how providing Medicare services goes "beyond simple compliance with

the law." Watson, 551 U.S at 153.  Defendant has not referenced any contract with CMS that shows a delegation of any legal authority to Defendant.  Nor has Defendant detailed whether CMS has control over Defendant's alleged actions towards Plaintiff, such as CMS requiring prior approval of payment decisions to providers, CMS limiting Defendant's ability to pay or negotiate pay to providers, or CMS's special interest in such decisions. See Gonclaves, 865 F.3d at 1247.  Defendant has failed to show it was acting under a federal agent or officer when it failed to renegotiate with Plaintiff.

        2.    <u>Causal Connection Between Plaintiff's Claims and Defendant's Actions Under Federal Direction</u>

Defendant admits it only needs to show that the challenged acts occurred because of what it was asked to do by the Government.  Id. ¶ 13 (citing Goncalves, 865 F.3d at 1245).  To meet this burden, Defendant vaguely states it entered into the 2019 Agreement with Plaintiff to assist and help carry out the coverage of Medicare Advantage Plans, which is causally connected to Plaintiff's claims.  Id. ¶ 13.

As discussed above, Defendant has failed to demonstrate that the wrongful conduct of failing to renegotiate with Plaintiff was taken at the direction of CMS.  Although the "hurdle erected by the causal connection element 'is quite low,'" (Notice ¶ 13) Defendant has failed to provide any facts that support its alleged wrongful conduct occurred because of what it was asked to do by CMS.  Having failed to allege any facts that Defendant was acting under CMS's direction, Defendant has failed to plead a causal connection between Plaintiff's

6

claims and Defendant's actions under federal direction.

### 3. Colorable Federal Defense

Defendant argues that because Plaintiff asserts allegations that Defendant promised to pay Plaintiff, and because federal law and federal funds apply, at least some of Plaintiff's claims are preempted by the Medicare Act. Id. ¶ 18. Defendant argues because Plaintiff is disputing rates paid in relation to Medicare benefits, there is a legitimate question as to the applicability of federal preemption under the Medicare Act. Id. In its opposition, Defendant states the new compensation terms "may or may not violate the Medicare Act's standards and regulations." Opp'n at 16:1. To support its argument, Defendant cites Prime Healthcare Servs. v. Humana Ins. Co., No. CV 16-01097-BRO (JEMx), 2016 U.S. Dist. LEXIS 191634 (C.D. Cal. Nov. 4, 2016). In Prime, the court found a plaintiff's state law claims were nothing more than an attempt to be reimbursed for underpayments of Medicare benefits. Id. at 22. The court found federal preemption applied because the plaintiff's claims were "inextricably intertwined with a claim for Medicare benefits, and as such, arise under Medicare." Id. at 26.

Here, in contrast, Plaintiff's state law claims are based on "(1) the breach of a specific contractual provision in an agreement; (2) the intentional inference of existing contractual relations; and (3) [Defendant's] false and intentional misrepresentations (among other wrongs)." Reply at 3. Defendant has not argued, nor does the Court find, any of these obligations are "inextricably intertwined" with claims for Medicare benefits, like reimbursement rates.

7

Although Defendant states there is a legitimate question as to federal preemption under the Medicare Act, absent a specific statute or regulation that implicates this legitimate question, the Court does not find a colorable federal defense exists. Rather, Plaintiff "may be able to prove the elements of [its] causes of action without regard to any provisions of the Act relating to provision of benefits." Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1145 (9th Cir. 2010).

The Court agrees with Plaintiff and finds that Defendant has not alleged sufficient facts to demonstrate (1) Defendant was acting under a federal agent during the alleged wrongful conduct; (2) there is a causal nexus between Defendant's actions acting under a federal agency and the alleged harms; and (3) Defendant has a colorable federal defense. The Plaintiff's request to remand is GRANTED.

## III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand.

IT IS SO ORDERED.

Dated: December 12, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

8